Gen. 147]                                                                 147

**FIREARMS**

**PUBLIC SCHOOLS – SCOPE OF ARTICLE 27, §36A, PROHIBITING POSSESSION OF GUNS ON PUBLIC SCHOOL PROPERTY**

August 1, 1995

*The Honorable Timothy R. Ferguson*
*Maryland Senate*

You have requested our opinion about the scope of the criminal law that, among other things, prohibits the possession of rifles and guns on public school property. Specifically, your question is whether this prohibition, Article 27, §36A of the Maryland Code, applies to the display of antique firearms in the course of historical lectures in the schools.

In our opinion, Article 27, §36A applies to any rifle or gun, antique or otherwise, that has not been altered to render it permanently incapable of firing. This law contains no exception for educational presentations.

**I**

**Scope of the Prohibition**

Article 27, §36A(a) of the Maryland Code provides as follow: "No person, unless otherwise excepted in this section, shall carry or possess any rifle, gun, knife, or deadly weapon of any kind on any public school property in this State." The exceptions in §36A are for "law enforcement officers in the regular course of their duty, ... persons hired by the boards of education in the counties and Baltimore City specifically for the purpose of guarding public school property, [and] persons engaged in organized shooting activity for educational purposes."

When the General Assembly enacted §36A in Chapter 614 of the Laws of Maryland 1971, it authorized only two exceptions to the general prohibition: for law enforcement officers and school guards. A decade later, the General Assembly added the third exception, for

educational shooting activities. Chapter 528 of the Laws of Maryland 1981. However, the General Assembly has not enacted any other exceptions. Indeed, for the last two sessions, the General Assembly has declined to enact bills that would have added to §36A another exception for "persons who, with a written invitation from the school principal, display or engage in historical demonstrations using weapons or replicas of weapons for educational purposes." House Bill 29 of the 1994 Session; Senate Bill 99 of the 1995 Session.

The prohibition in §36A applies to any "rifle" or "gun." Because these terms are not defined in §36A, they are to be given their "ordinary and popularly understood meaning." *Gargliano v. State*, 334 Md. 428, 435, 639 A.2d 675 (1994). *See also Parrison v. State*, 335 Md. 554, 559, 644 A.2d 537 (1994).

The term "gun" is the broader of the two. The term encompasses all portable firearms and includes pistols, carbines, rifles, and shotguns. *See State v. Faulkner*, 168 S.E.2d 9, 13 (N.C. App. 1969). *Cf.* Article 27, §36F(b) (definition of "handgun"). An antique gun (or a modern reproduction of an antique) that is capable of being fired is no less a "gun" under §36A than any modern firearm.[1]

If an antique gun were permanently inoperable, §36A would likely be held by the courts not to apply to that antique. A permanent change of this kind would take the antique out of the category of "gun." If a weapon cannot be fired, it is not a firearm, and hence not a "gun" encompassed by §36A. *See People v. Stevens*, 297 N.W. 2d 120 (Mich. 1980) (charges of assault with the use of a gun could not be sustained where the barrel of the gun was

---

[1] The term "antique firearm" is defined in Article 27, §36F(c) for purposes of the "handgun" subheading of Article 27. (Section 36A, the focus of your request, is not part of that subheading.) Under §36G(a)(3)(iii), antique firearms are excluded from the prohibition against possessing firearms at a "demonstration in a public place." *See* 36G(b). This exclusion has no effect on the separate prohibition that §36A imposes on public school property.

bored out and its firing pin was filed down to the point where it was impossible to fire).[2]

Alterations to a gun that would make it inoperable − and, hence, not a "gun" for purposes of §36A − must be permanent. A temporary change in condition, like unloading the weapon, would not have that effect. *See Wallace v. Warden*, 226 Md. 670, 174 A.2d 435 (1961). Nor would partial disassembly, if the weapon can be made ready to fire by quick reassembly. *See United States v. Drasen*, 845 F.2d 731 (7th Cir.), *cert. denied*, 488 U.S. 909 (1988). *See also United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 510-12 (1992).

You asked specifically about the applicability of §36A to antique weapons housed in the Hessian Barracks Museum on the property of the Maryland School for the Deaf. As we understand the situation, the Hessian Barracks is a museum in which various antique weapons are kept. The museum is open to the public twice a year without prior arrangement and otherwise by appointment only. The museum is not accessible to students and is not used by the school for any of its educational programs.

Some of the weapons, we understand, are permanently disabled; for the reasons stated above, the presence of these weapons on the School's campus does not violate §36A. Other weapons, although not disabled, are kept in locked display cabinets; under these circumstances, no person would be "carry[ing]" these guns. To be sure, operable guns would likely be deemed to be "possess[ed]" by those in control of the museum even when they are locked in a cabinet. *See generally Weddle v. State*, 228 Md. 98, 102, 178 A.2d 882 (1962). But this method of storage quite properly can be taken into account by the State's Attorney, along with other facts about the museum, in exercising prosecutorial discretion.

---

[2] An inoperable gun might nevertheless be a "deadly weapon," under circumstances where it could be used as such. *See Brooks v. State*, 314 Md. 585, 590, 552 A.2d 872 (1989); *Hayes v. State*, 211 Md. 111, 114, 126 A.2d 576 (1956). However, an educational presentation in a school would not be such a circumstance. Similarly, other items that might be "deadly weapons" in particular circumstances − a bow and arrow, for example − are not "deadly weapons" when displayed in a properly conducted educational presentation.

## II

## Conclusion

The General Assembly has enacted a broad prohibition against carrying or possessing guns on public school property. When it did so, the General Assembly doubtless did not contemplate the display of antique firearms as part of a bona fide historical presentation. Perhaps such an exception makes policy sense; we cannot say. The fact remains, however, that the law contains no exception for historical presentations. Indeed, efforts to enact just such an exception have failed. Unless and until the law is amended, it applies to operable antique guns displayed in such presentations.[3]

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Jack Schwartz
> *Chief Counsel*
>  *Opinions & Advice*

---

[3] Of course, decisions about the enforcement of §36A under particular factual circumstances are within the discretion of the State's Attorney.